■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVAN POTTS, Appellant. [993 NYS2d 779]—Appeal by the defendant from a judgment of the County Court, Nassau County (Grella, J.), rendered October 4, 2011, convicting him of

criminally negligent homicide, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, he did not receive ineffective assistance of counsel. The record indicates that, under the New York standard, defense counsel provided meaningful representation (*see People v Rivera*, 71 NY2d 705, 708-709 [1988]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]). Moreover, the defendant was not deprived of his right to the effective assistance of counsel under the federal standard (*see Strickland v Washington*, 466 US 668, 687 [1984]).

The defendant's contention that he was deprived of a fair trial due to prosecutorial misconduct is unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to reach it in the exercise of our interest of justice jurisdiction.

The defendant's remaining contentions are without merit. Mastro, J.P., Sgroi, Cohen and Miller, JJ., concur.