People v Potts (2014 NY Slip Op 07187)





People v Potts


2014 NY Slip Op 07187


Decided on October 22, 2014


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2014
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2011-10241
 (Ind. No. 1333/10)

[*1]The People of the State of New York, respondent, 
v
Evan Potts, appellant.


Jillian S. Harrington, New York, N.Y., for appellant.
Kathleen M. Rice, District Attorney, Mineola, N.Y. (Tammy J. Smiley and Donald Berk of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Grella, J.), rendered October 4, 2011, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, he did not receive ineffective assistance of counsel. The record indicates that, under the New York standard, defense counsel provided meaningful representation (see People v Rivera, 71 NY2d 705, 708-709; People v Baldi, 54 NY2d 137, 146-147). Moreover, the defendant was not deprived of his right to the effective assistance of counsel under the federal standard (see Strickland v Washington, 466 US 668, 687).
The defendant's contention that he was deprived of a fair trial due to prosecutorial misconduct is unpreserved for appellate review (see CPL 470.05[2]), and we decline to reach it in the exercise of our interest of justice jurisdiction.
The defendant's remaining contentions are without merit.
MASTRO, J.P., SGROI, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court