■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MONTANEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW MCCRAY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTRELL TERRELL, Appellant. [47 NYS3d 6]—

Judgments, Supreme Court, New York County (Marcy L. Kahn, J.), rendered April 5, 2013, after a jury trial, convicting defendant Montanez of gang assault in the second degree and assault in the third degree, and sentencing him, as a second felony offender, to an aggregate term of eight years, convicting defendant McCray of gang assault in the second degree and assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, and convicting defendant Terrell of gang assault in the first degree and assault in the first degree, and sentencing him to an aggregate term of 15 years, unanimously affirmed.

Each verdict was based on legally sufficient evidence and was not against the weight of the evidence, and we find that

defendants' various arguments to the contrary are unavailing (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence amply established that each defendant acted with the requisite intent and community of purpose with the other defendants as well as unapprehended assailants, regardless of which of the participants had any connection with each other before the incident. Therefore, each defendant was accessorially liable for the acts of all the participants in the attack on the victim (*see* Penal Law § 20.00; *Matter of Tatiana N.*, 73 AD3d 186, 191 [1st Dept 2010]).

The court correctly declined defendant McCray's request for submission of assault in the third degree as a lesser included offense, because there was no reasonable view of the evidence, viewed most favorably to McCray, under which he took part in the attack but did not use or act in concert with anyone who used a dangerous instrument (*see People v Rivera*, 23 NY3d 112, 120-121 [2014]), particularly given a videotape of the the incident and McCray's own testimony.

We reject defendant Montanez's argument that the court should have granted an adjournment of opening statements after the prosecutor informed the court and counsel that additional medical records regarding the victim would be produced by the hospital, and we likewise reject Montanez's argument that the court should have granted a mistrial after the records had been produced (*see generally People v Ortiz*, 54 NY2d 288, 292 [1981]). The defense was already well aware that the prosecution's evidence would indicate that the victim suffered permanent hearing loss in his left ear, and Montanez has failed to demonstrate that he was prejudiced by the delay in disclosure.

Likewise, contrary to Montanez's contention, the court providently exercised its discretion in denying mistrial motions in connection with allegedly inflammatory publicity about the case that appeared during deliberations, or based on allegedly inflammatory and prejudicial comments made during the summation of counsel for McCray. In the first instance, the court engaged in an appropriate inquiry of the jurors, which elicited that they had not been exposed to the coverage at issue (*see People v Williams*, 78 AD3d 160, 167 [1st Dept 2010], *lv denied* 16 NY3d 838 [2011]). In the latter, the court gave a curative instruction that appropriately addressed any alleged danger of prejudice from the other lawyer's remarks (*see People v Santiago*, 52 NY2d 865 [1981]).

The court correctly declined to deliver a missing witness charge, because the People made a detailed showing of their

reasonable but unsuccessful efforts to locate the witness, thereby demonstrating a "genuine inability to locate [the] witness" (*People v Savinon*, 100 NY2d 192, 198 [2003]).

Defendant Montanez did not preserve his argument that a supplemental instruction impermissibly directed the jury to draw a mandatory inference of intent, or his repugnant verdicts claim, and we decline to review either of them in the interest of justice. As an alternative holding, we find both claims to be without merit. Montanez's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since Montanez has not made a CPL 440.10 motion, the merits of his ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that he received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing any of the sentences. Concur—Tom, J.P., Renwick, Saxe, Feinman and Gesmer, JJ.