■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON FLAGG, Appellant. [51 NYS3d 504]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered November 14, 2012, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and fourth degrees and criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender, to an aggregate term of eight years, unanimously affirmed.

The court properly denied defendant's motion to suppress statements he made before receiving *Miranda* warnings. When, in response to an officer's pedigree question as to his address, defendant acknowledged he resided in the apartment where he was arrested and where the contraband at issue was found, warnings were not required because this routine administrative question, which was part of a series of standard booking questions such as name, address, and so forth, was not designed to elicit an incriminating response (*see Pennsylvania v Muniz*, 496 US 582, 601-602 [1990]; *People v Rodney*, 85 NY2d 289, 292-294 [1995]; *People v Watts*, 309 AD2d 628 [1st Dept 2003], *lv denied* 1 NY3d 582 [2003]), even if the answer was reasonably likely to be incriminating (*see People v Alleyne*, 34 AD3d 367 [1st Dept 2006], *lv denied* 8 NY3d 918 [2007], *cert denied* 552 US 878 [2007]). The People also met their burden of proving that defendant's other pre-*Miranda* statements were spontaneous and not the product of any questioning or its equivalent, and there is nothing to cast doubt on the statements' spontaneity. Defendant's claim that even if the statements were otherwise spontaneous, they were the product of the allegedly inadmissible pedigree statement is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the spontaneous statements were admissible irrespective of the admissibility of the pedigree statement.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. When viewed as a whole, the evidence, including, among other things, defendant's undisputedly admissible post-*Miranda* admissions, amply connected him with all of the contraband at issue. We have considered and rejected defendant's remaining arguments on the sufficiency and weight of the evidence.

Defendant's challenges to the prosecutor's summation are entirely unpreserved because defendant failed to object, made

only unspecified generalized objections or failed to complain that the court's curative actions were inadequate (*see People v Romero*, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]).

Based on our in camera review of the minutes of the hearing conducted pursuant to *People v Darden* (34 NY2d 177 [1974]), we find that there was probable cause for the issuance of the search warrant and that there was no violation of *Brady v Maryland* (373 US 83 [1963]).

We perceive no basis for reducing the sentence. Concur— Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.