■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OCTAVIO GONZALEZ, Appellant. [65 NYS3d 142]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J. at initial motion to exclude DNA evidence; Edward J. McLaughlin, J. at subsequent motion, jury trial and sentencing), rendered January 14, 2014, convicting defendant of assault in the second degree, and sentencing him to a term of four years, unanimously affirmed.

The court properly declined to submit third-degree assault as a lesser included offense. There was no reasonable view of the evidence, viewed most favorably to defendant, under which defendant hit and kicked the victim, but neither cut the victim's throat personally, nor acted in concert (see Penal Law § 20.00) with another person who did so (see People v Montanez, 147 AD3d 444, 445 [1st Dept 2017]).

The court providently exercised its discretion in denying defendant's mistrial motion, the only remedy requested, when it came to light that a juror had prematurely informed the other jurors that he was already convinced of defendant's guilt. The court provided a sufficient remedy by simply discharging this juror, because the information before the court indicated that all the other jurors had rejected any notion of premature deliberations and cautioned the offending juror not to make such a statement. Even if further inquiries of the remaining jurors would have been appropriate, defense counsel expressly declined that remedy (see People v Ayers, 214 AD2d 459 [1st Dept 1995], lv denied 86 NY2d 732 [1995]).

The motion court's pretrial ruling, issued on July 23, 2013, denying defendant's motion to exclude, or alternatively to conduct a Frye (Frye v United States, 293 F 1013 [DC Cir 1923]) hearing on expert testimony relating to high sensitivity, or low copy number (LCN) DNA testing, was a provident exercise of discretion. At the time that the motion court's ruling was made, a court of coordinate jurisdiction, following an eight-month Frye hearing, had issued a decision holding that LCN DNA testing was "generally accepted as reliable in the forensic scientific community" and "not a novel scientific procedure" (People v Megnath, 27 Misc 3d 405, 413 [Sup Ct, Queens County 2010]).

"A court need not hold a *Frye* hearing where it can rely upon previous rulings in other court proceedings as an aid in determining the admissibility of the proffered testimony" (*People v LeGrand*, 8 NY3d 449, 457-458 [2007]; *see People v Garcia*, 39 Misc 3d 482, 486-487, 490 [2013] [following *LeGrand* and relying on *Megnath* in holding that both LCN and forensic statistical tool (FST) DNA testing evidence was admissible without the need for a *Frye* hearing]). Here, as both *Garcia* and *Megnath* had been decided prior to the motion court's ruling in this case, it was not an abuse of discretion for the motion court, in keeping with *LeGrand*, to rely on them in denying defendant's motion to exclude the LCN DNA testing evidence or to conduct a *Frye* hearing in this case.

Likewise, the trial court's denial of defendant's renewed motion for a *Frye* hearing in December 2013, which motion was recast to include evidence relating to both LCN DNA testing and a then-recently issued FST DNA testing report, was a provident exercise of discretion. The trial court's ruling was consistent with prior determinations of courts of coordinate jurisdiction that these procedures were not novel scientific techniques and were generally accepted by the relevant scientific community (*see Garcia*, 39 Misc 3d at 490 [denying *Frye* hearing as to both LCN and FST testing]; *Megnath*, 27 Misc 3d at 413 [finding, after holding *Frye* hearing, that LCN testing is not novel and is generally accepted as reliable in the forensic scientific community]; *People v William Rodriguez*, Sup Ct, NY County, Oct. 24, 2013, Carruthers, J., slip op at 7-8, *affd* 153 AD3d 235 [1st Dept 2017] [finding, after holding *Frye* hearing, that the FST is not novel and is generally accepted as reliable in the forensic scientific community]). Thus, the trial court's ruling was also in keeping with *LeGrand*, and did not constitute an abuse of discretion. In any event, any error was harmless because the DNA evidence contributed little to the otherwise overwhelming evidence that it was defendant who wielded a knife during the assault.

Defendant's arguments relating to the trial court's instructions on accessorial liability are unpreserved because the court corrected, to defense counsel's satisfaction, each deficiency in the charge to which counsel had objected and no further instructions were requested (*see People v Heide*, 84 NY2d 943, 944 [1994]; *People v Whalen*, 59 NY2d 273, 280 [1983]). We decline to consider defendant's claims in the interest of justice. As an alternative holding, we find that the court's instructions, viewed as a whole and as corrected, generally conveyed the proper standards, and that reversal is not required. Concur— Richter, J.P., Gische, Kapnick, Kahn and Kern, JJ.