People v Wortham (2018 NY Slip Op 02391)





People v Wortham


2018 NY Slip Op 02391


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Acosta, P.J., Tom, Oing, Moulton, JJ.


6215 3148N/11

[*1]The People of the State of New York, Respondent,
v
Tyrone Wortham, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (William B. Carney of counsel), for appellant.
Tyrone Wortham, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (David M. Cohn of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J. at suppression hearing; Richard D. Carruthers, J. at jury trial and sentencing), rendered April 18, 2013, as amended April 22, 2013, convicting defendant of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), criminal possession of a controlled substance in the third and seventh degrees, criminally using drug paraphernalia in the second degree (two counts), and endangering the welfare of a child (two counts), and sentencing him, as a second violent felony offender, to an aggregate term of 9 years, unanimously affirmed.
The hearing court properly denied defendant's motion to suppress a statement he made in response to an officer's pedigree question. Although defendant acknowledged that he resided in the apartment where contraband was found, he was responding to a routine administrative question that was not a "disguised attempt at investigatory interrogation" (People v Rodney, 85 NY2d 289, 294 [1995]) and was not designed to elicit an incriminating response (see People v Flagg, 149 AD3d 513 [1st Dept 2017], lv denied 29 NY3d 1079 [2017]).
The trial court properly denied defendant's severance motion. The defenses of defendant and his codefendant were not in "irreconcilable conflict" (People v Mahboubian, 74 NY2d 174, 184 [1989]). Throughout the trial, the defenses were generally consistent. To the extent that one of the several theories raised by codefendant's counsel on summation tended to shift blame to defendant, there was no significant danger that "the conflict alone would lead the jury to infer defendant's guilt" (id.).
Defendant was not entitled to a hearing pursuant to Frye v United States (293 F 1013 [DC Cir 1923]) to determine the reliability of forensic statistical tool DNA evidence (see e.g. People v Gonzalez, 155 AD3d 507 [1st Dept 2017]; People v Lopez, 50 Misc 3d 632 [Sup Ct, Bronx County [2015]; People v Debraux, 50 Misc 3d 247, 259 [Sup Ct, NY County 2015]).
Defendant's pro se ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People [*2]v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We have considered and rejected defendant's remaining pro se claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK