People v Nemelc (2018 NY Slip Op 03737)





People v Nemelc


2018 NY Slip Op 03737


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Friedman, J.P., Gische, Andrias, Kern, Oing, JJ.


2262/11 6645 6644

[*1]The People of the State of New York, Respondent,
v
Darrin Nemelc, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Anastasia Heeger of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David P. Stromes of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered March 22, 2013, convicting defendant, after a jury trial, of rape in the second degree, criminal sexual act in the second degree (four counts) and sexual abuse in the third degree (two counts), and sentencing him to an aggregate term of seven years, and order, same court and Justice, entered on or about February 14, 2017, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The court providently exercised its discretion in denying defendant's CPL 440.10 motion (see People v Samandarov, 13 NY3d 433, 439-440 [2009]). Based on the submissions on the motion, as well as the trial record, we conclude that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). We also find no need for a remand for an evidentiary hearing.
Defendant's team of attorneys presented a coherent defense, developing the theory that after the 14-year-old victim ran away from home, defendant found her in the street and brought her back to his apartment, where they had an innocent encounter, and that the victim either lied about sexual activity or suffered a delusion that it had occurred, based on her psychiatric history and troubled past. The defense also sought to establish that the DNA evidence in the case could be explained by the phenomenon of "DNA transfer," by which a person's DNA could end up on another person by innocuous contact. The attorneys developed this defense primarily through cross-examination of the People's witnesses and by presenting psychiatric testimony bearing on the victim's credibility.
Viewed in light of this strategy, we conclude that the challenged conduct of the attorneys generally met an objective standard of reasonableness. In any event, defendant has not demonstrated that, viewed individually or collectively, the alleged errors deprived him of a fair trial or had a reasonable probability of affecting the outcome of the case.
Defendant asserts that his attorneys were ineffective for requesting an alibi charge and presenting the testimony of two alibi witnesses, because they could not account for the time that the victim alleged that she was in defendant's apartment. However, as trial counsel explained in an affidavit submitted by the People in opposition to defendant's 440.10 motion, the purpose of the alibi was to undermine the People's timeline of the events, not to show that the victim was never with defendant. Thus, regardless of whether "alibi" nomenclature accurately characterizes this particular type of defense, it was reasonably consistent with counsel's strategy of admitting that a nonsexual encounter occurred, and of impeaching the victim's credibility in general to support the theory that she invented the sex acts. Defendant's assertion that the alibi testimony affirmatively damaged his case is without merit, because there is no reasonable possibility that the jury could have viewed the testimony at issue as a "false" alibi.
Defendant next claims his attorneys were ineffective because they sought to admit his statement to a detective based on a misunderstanding of hearsay law. The attorneys reasonably expected the People to introduce defendant's statement on their direct case. Accordingly, it was reasonable for the defense opening statement to reveal that the jury would hear defendant's "side of the story." When the People did not introduce the statement, the attorneys attempted unsuccessfully to persuade the court that the statement was admissible nevertheless. Although their theory of admissibility was erroneous, defendant was not prejudiced. Regardless of whether they planned their strategy on the incorrect assumption that defendant's statement would be heard by the jury, the attorneys ultimately presented defendant's side of the story through cross-examination of the People's witnesses and in summation.
The attorneys' handling of DNA issues was not ineffective. While the defense did not seek to challenge the admissibility of low copy number DNA evidence, such a challenge would have been futile (see People v Gonzalez, 155 AD3d 507 [1st Dept 2017], lv denied 30 NY3d 1115 [2018]). The attorneys' decision not to present their own DNA expert was neither unreasonable nor prejudicial. The defense made a valid strategic choice to present the theory that defendant and the victim had met but that their encounter was not sexual, and to argue that defendant's DNA could have been deposited on the victim by way of transfer. Consistent with that strategy, the attorneys engaged in extensive cross-examination of the People's DNA expert concerning the possibility of DNA transfer.
Defendant also argues that attorneys were ineffective for failing to provide the defense psychiatric expert with the victim's account of the incident. Defendant has not shown that this omission was objectively unreasonable or prejudicial (see People v Henderson, 27 NY3d 509, 514 [2016]; People v Pavone, 26 NY3d 629, 636, 647 [2015]).
Lastly, defendant contends that his attorneys were ineffective for failing to object to various items of testimony and portions of the prosecutor's summation. We find that, regardless of whether these objections should have been made, there is no showing that the absence of these objections had any reasonable probability of affecting the outcome or fairness of the trial.
We have considered and rejected the claims of trial error raised on the direct appeal. The evidentiary rulings at issue were provident exercises of discretion that do not warrant reversal.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK