People v Fraser (2018 NY Slip Op 04285)





People v Fraser


2018 NY Slip Op 04285


Decided on June 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2018

Richter, J.P., Webber, Kahn, Kern, Oing, JJ.


3587/14 6843 6842

[*1]The People of the State of New York, Respondent,
v
Damien Fraser, Defendant-Appellant.
The People of the State of New York, Respondent,
v
Kevin Jagnandan, Defendant-Appellant.


Law Office of Meredith S. Heller PLLC, New York (Meredith S. Heller of counsel), for Damien Fraser, appellant.
Koch Law, New York (Lee A. Koch of counsel), for Kevin Jagnandan, appellant.
Darcel D. Clark, District Attorney, Bronx (Jennifer L. Watson of counsel), for respondent.



Judgments, Supreme Court, Bronx County (Margaret L. Clancy, J. at suppression hearing; April A. Newbauer, J. at jury trial and sentencing), rendered June 14, 2017, convicting both defendants of attempted gang assault in the first degree, criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree, sentencing defendant Fraser to an aggregate term of 10½ years, and sentencing defendant Jagnandan to an aggregate term of 12 years, unanimously affirmed.
The court properly denied defendants' suppression motions. The record supports the court's finding, based on the factors discussed in People v McBride (14 NY3d 440, 446 [2010], cert denied 562 US 931 [2010]), that exigent circumstances justified the warrantless entry into an auto body shop owned by defendants. When the police responded to a serious assault, the victim's girlfriend reported that a large group of attackers had beaten the victim with baseball bats, retreated into the shop and closed its gate. She also stated that one of the men had announced his intention to retrieve a firearm from the shop and shoot the witness. This provided reliable information as to the presence of a firearm and the danger that it might be used, even though no firearm had been displayed. Although the police were guarding the entrance to the shop, there was still a danger that a large group of armed and violent suspects might emerge (see People v Hallman, 237 AD2d 17, 22-23 [1st Dept 1997], affd 92 NY2d 840 [1998]). This danger did not dissipate during the 45 minutes that passed before the entry was made, which is accounted for by the need to await the arrival of an officer capable of opening the security gate by manipulating its electronic controls, as well as more officers to deal with the large number of possibly violent suspects. We have considered and rejected defendants' remaining suppression arguments.
The court providently exercised its discretion when it qualified a detective from the Computer Crime Squad as an expert in digital file analysis, and permitted him to authenticate a surveillance videotape (see generally People v Patterson, 93 NY2d 80, 84-85 [1999]). The detective had specialized training and extensive experience regarding such matters as handling [*2]and preserving digital evidence, using different software applications to extract digital information, and identifying files that had been altered or corrupted. Under these circumstances, any alleged inadequacy in his expertise went to weight rather than admissibility.
Defendants' challenge to DNA evidence is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see People v Gonzalez, 155 AD3d 507, 508 [1st Dept 2017], lv denied 30 NY3d 1115 [2018]).
Jagnandan's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since Jagnandan has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that he received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We reject Jagnandan's claim that the verdict convicting him was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. There was eyewitness testimony establishing Jagnandan's personal participation in the attack on the victim, evidence of Jagnandan's accessorial liability for the attack, and evidence of both his personal and constructive possession of the weapons found in the body shop.
The court lawfully imposed consecutive sentences for the attempted gang assault and the separate and distinct act of possession of a pistol, with the requisite mental state, because this pistol was not possessed by any of the attackers during the assault (see Penal Law 70.25[2]; People v McKnight, 16 NY3d 43, 48-49 [2010]). Fraser's Eighth Amendment claim is unpreserved
and without merit. We perceive no basis for reducing either defendant's sentence in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 12, 2018
CLERK