People v Garcia (2019 NY Slip Op 01666)





People v Garcia


2019 NY Slip Op 01666


Decided on March 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2019

Friedman, J.P., Sweeny, Richter, Oing, Moulton, JJ.


2650/09 8647 8646

[*1]The People of the State of New York, Respondent,
v
Pablo Garcia, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Matthew B. White of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ralph A. Fabrizio, J.), rendered March 28, 2014, convicting defendant, after a jury trial, of murder in the second degree and kidnapping in the first degree, and sentencing him to concurrent terms of 25 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, we find the evidence to be overwhelming. The testimony of two witnesses deemed by the court to be accomplices was adequately corroborated (see CPL 60.22) by evidence that included a comparison of defendant's DNA profile with DNA recovered from duct tape used to bind the victim, testimony about the victim's body and the condition of the apartment where her body was found, two bystanders' testimony about seeing two men in hooded sweatshirts in the lobby of the apartment building, and a nonaccomplice's testimony that the four alleged accomplices including defendant were friends with each other. The requirement of corroboration did not turn on the reliability of the DNA evidence, because the People were not required to corroborate defendant's identity, and the other evidence provided sufficient corroboration that the accomplices credibly testified about their planning of the offense with defendant and a codefendant (see People v Reome, 15 NY3d 188 [2010]).
Defendant's ineffective assistance of counsel claim based on counsel's failure to renew a request for a Frye hearing on the type of DNA evidence used in this case is unreviewable on direct appeal because it involves matters not fully explained by the record (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of this claim may not be addressed on appeal. Alternatively, to the extent the record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Defendant has not established that the hearing would have been granted, or that it would have led to the exclusion of any evidence (see People v Gonzalez, 155 AD3d 507 [1st Dept 2017], lv denied 31 NY3d 1148 [2018]). Insofar as defendant argues that the court should have granted a Frye hearing, this argument is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see id.).
The court properly denied defendant's request for a subpoena for certain alleged "raw data" underlying the DNA analysis conducted by the Office of the Chief Medical Examiner, because all the data examined in conducting the analysis had already been provided to defense counsel, and defendant did not establish any need for the "raw data" (see generally People v Gissendanner, 48 NY2d 543, 548-551 [1979]). Defendant expressly waived any claim that the court should have permitted him to call an additional DNA expert. Defense counsel voluntarily [*2]chose to proceed with one defense expert, and the record refutes defendant's claim on appeal that the court "effectively" or "in essence" precluded the second expert. To the extent that defendant is raising constitutional claims regarding these issues, those claims are unpreserved (see People v Lane, 7 NY3d 888, 889 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits (see Crane v Kentucky, 476 US 683, 689-690 [1986]).
Insofar as harmless error analysis applies to any of the issues on appeal, we find that any error was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230, 242 [1975]), as well as defense counsel's ample opportunity to question the People's DNA expert and elicit expert testimony for the defense.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 7, 2019
CLERK