People v Easley (2019 NY Slip Op 02545)





People v Easley


2019 NY Slip Op 02545


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2013-07329
 (Ind. No. 2340/11)

[*1]The People of the State of New York, respondent,
v
Levan Easley, appellant.


Paul Skip Laisure, New York, NY (Jonathan Schoepp-Wong of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered July 2, 2013, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his conviction of criminal possession of a weapon in the third degree pursuant to Penal Law § 265.02(3) was not supported by legally sufficient evidence is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish that the defendant knowingly possessed a defaced firearm (see Penal Law § 265.02[3]; People v Johnson, 76 AD3d 1103, 1104; Matter of Darnell C., 66 AD3d 771, 772-773). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court providently exercised its discretion in denying the defendant's request to conduct a hearing pursuant to Frye v United States (293 F 1013 [DC Cir]) to determine the admissibility of testimony relating to the forensic statistical tool (hereinafter FST) used to evaluate the likelihood that the DNA mixture found on the trigger of the subject firearm originated from the defendant. "A court need not hold a Frye hearing where it can rely upon previous rulings in other court proceedings as an aid in determining the admissibility of the proffered testimony" (People v LeGrand, 8 NY3d 449, 458; see People v Gibson, 163 AD3d 586; People v Foster-Bey, 158 AD3d 641, 641; People v Gonzalez, 155 AD3d 507, 508). At the time of the court's ruling, a court of coordinate jurisdiction had determined that the FST was not a new or novel scientific technique, but "a computer software program that uses accepted mathematical equations based on Bayes' Theorem to calculate the likelihood ratio of obtaining a recovered mixture of DNA if the suspect is a contributor versus the probability of getting the same mixture if the suspect is not a contributor" (People v Garcia, 39 Misc 3d 482, 487-488 [Sup Ct, Bronx County]). The court of [*2]coordinate jurisdiction noted that the FST had been peer reviewed, accepted in professional journals, presented at numerous scientific conferences, and admitted in several criminal trials in this State (see id. at 488). The court, therefore, providently exercised its discretion in relying on that decision to determine that the FST was not novel and was generally accepted by the relevant scientific community (see People v LeGrand, 8 NY3d at 458; People v Gibson, 163 AD3d at 587; People v Foster-Bey, 158 AD3d at 641; People v Gonzalez, 155 AD3d at 508).
We agree with the Supreme Court's determination to deny the defendant's request for disclosure of the source code, algorithm, and validation studies of the FST. These materials were not "made by, or at the request or direction of a public servant engaged in law enforcement activity" (CPL 240.20[1][c]), but by and at the direction of the Office of the Chief Medical Examiner (hereinafter OCME), an entity that operates independently from the District Attorney's Office and the New York City Police Department and is not engaged in law enforcement activity (see People v Brown, 13 NY3d 332, 340; People v Freycinet, 11 NY3d 38, 42; People v Washington, 86 NY2d 189, 192). The materials were also not "made by a person whom the prosecutor intend[ed] to call as a witness at trial," and there is no indication in the record that the People intended to introduce any such materials at trial (CPL 240.20[1][c]). The materials were not required to be disclosed pursuant to Brady v Maryland (373 US 83) since they were not in the possession or control of the People, but of OCME (see People v Spruill, 164 AD3d 1270, 1273-1274; Matter of Hoovler v DeRosa, 143 AD3d 897, 900). The defendant's contention that the failure to disclose these materials violated his right to confront witnesses and cross-examine them is unpreserved for appellate review (see CPL 470.05[2]; People v Liner, 9 NY3d 856, 856-857; People v Castro, 149 AD3d 862, 865) and, in any event, without merit, since he was afforded the "opportunity for effective cross-examination" of the OCME criminalist (Delaware v Fensterer, 474 US 15, 20 [emphasis omitted]; see People v Smith, 27 NY3d 652, 659-660).
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court