People v Degracia (2019 NY Slip Op 05144)





People v Degracia


2019 NY Slip Op 05144


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2016-01770
 (Ind. No. 802/14)

[*1]The People of the State of New York, respondent,
v
Rigoberto Degracia, appellant.


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Roni C. Piplani of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (James P. Griffin, J.), rendered February 3, 2016, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court improvidently exercised its discretion in denying, without further inquiry, his request for new assigned counsel, made prior to the start of jury selection, is without merit. " The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option'" (People v King, 161 AD3d 772, 774, quoting People v Sides, 75 NY2d 822, 824). A trial court's duty to consider substitution arises "only where [the] defendant makes a seemingly serious request[ ]'" (People v Porto, 16 NY3d 93, 100, quoting People v Sides, 75 NY2d at 824). Here, the record does not provide a basis to conclude that the defendant's motion was based on specific factual allegations of a serious complaint about his counsel (see People v Stevens, 162 AD3d 1077, 1078; People v McErlean, 149 AD3d 872, 873; People v Ward, 121 AD3d 1026, 1027).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of his constitutional right to due process as a result of the Supreme Court's denial of his motion to exclude, or, alternatively, to conduct a hearing pursuant to Frye v United States (293 F 1013 [DC Cir]) to determine the admissibility of, the results of DNA testing derived from the use of the Forensic Statistical Tool [*2](hereinafter FST), is unpreserved for appellate review (see CPL 470.05[2]). In any event, the Supreme Court providently exercised its discretion in denying the defendant's motion. "A court need not hold a Frye hearing where it can rely upon previous rulings in other court proceedings as an aid in determining the admissibility of the proffered testimony" (People v LeGrand, 8 NY3d 449, 458; see People v Gibson, 163 AD3d 586, 586; People v Foster-Bey, 158 AD3d 641, 641, lv granted 32 NY3d 937; People v Gonzalez, 155 AD3d 507, 508). Given the acceptance of FST by other New York courts at the time the motion was made (see e.g. People v Garcia, 39 Misc 3d 482 [Sup Ct, Bronx County]; People v Megnath, 27 Misc 3d 405 [Sup Ct, Queens County]), it was not an improvident exercise of discretion to deny the motion (see People v Foster-Bey, 158 AD3d at 641; People v Gonzalez, 155 AD3d at 507).
The defendant's contention that the admission of certain DNA evidence at trial violated his rights under the Sixth Amendment's Confrontation Clause (see Crawford v Washington, 541 US 36) is unpreserved for appellate review (see CPL 470.05[2]; People v Webb, 163 AD3d 880, 881; People v Foster-Bey, 158 AD3d at 641), and we decline to review this issue in the exercise of our interest of justice jurisdiction.
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. A review of the record in its totality establishes that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137). Moreover, the defendant has failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [internal quotation marks omitted]; see People v Taylor, 1 NY3d 174, 176).
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court