OPINION OF THE COURT
Per Curiam.
In these two cases, defendants contend that they were *708 denied effective assistance of counsel. In People v Rivera, defendant was charged with robbery and murder. At trial, the main evidence connecting him to the crimes was his written and videotaped station house confessions, in which he admitted to being a lookout while his friend robbed and killed the victim. Rivera was convicted of felony murder and sentenced to an indeterminate term of 20 years to life. The Appellate Division modified the judgment by reducing defendant’s sentence. At trial, Rivera testified that he confessed only after invoking his right to counsel, but before obtaining an attorney, because the police detective told him "it would take too long and make matters worse,” and because the detective promised to help him by speaking to the District Attorney if he confessed. Based on this, Rivera contends that he was denied effective assistance of counsel, in that his attorney failed to either move for suppression of the confessions or to request a voluntariness charge.
In People v Montana, defendant was convicted of burglary, attempted burglary and possession of burglar’s tools and the Appellate Division affirmed. Defendant contends that his attorney’s failure to move for suppression of physical evidence and statements following an allegedly illegal stop, search and arrest denied him effective assistance of counsel. Further, defendant contends that he was denied effective representation when his attorney entered into a stipulation with the prosecution because the stipulation indicated he was on parole, thereby creating prejudice in the jury’s mind.
The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions (US Const 6th Amend; NY Const, art I, § 6). However, what constitutes effective assistance is not and cannot be fixed with precision, but varies according to the particular circumstances of each case (see, People v Droz, 39 NY2d 457). A convicted defendant, with the benefit of hindsight, often can point out where he or she thinks trial counsel went awry. "But trial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness. So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met” (People v Baldi, 54 NY2d 137, 146-147). A contention of ineffective assistance of trial counsel requires proof of less than meaningful representation, rather than *709 simple disagreement with strategies and tactics (People v Benn, 68 NY2d 941).
It is for this reason that a showing that counsel failed to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel (People v De Mauro, 48 NY2d 892). Many reasons can account for a lawyer’s failure to so move: an attorney might, for example, be motivated by strategy or by a reasonable conclusion, based on the facts known at the time, that there is no colorable basis for a hearing. By the same token, an attorney may fail to make proper inquiry of the factual basis for a hearing or may make erroneous legal judgments about the viability of a request for a hearing. To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel’s failure to request a particular hearing. Absent such a showing, it will be presumed that counsel acted in a competent manner and exercised professional judgment in not pursuing a hearing.
In Montana and Rivera, each defendant has raised a claim of ineffective assistance of counsel based predominantly on counsel’s failure to seek a pretrial hearing. Relying on evidence adduced at trial, each defendant has asserted that counsel neglected to make suppression claims that were, at the least, colorable. Noticeably missing, however, is a showing that there was no legitimate reason for not pursuing these "colorable” claims, and conversely that the claims were not asserted for illegitimate reasons. For example, in Rivera, defendant made no showing that his attorney failed to make proper inquiry or indeed that he (defendant) had even informed his attorney of the relevant facts prior to trial. Similarly, in Montana, defendant made no showing that counsel’s failure to seek a suppression hearing was not premised on strategy. Thus, this court is asked to decide the claims of ineffective assistance of counsel by resorting to supposition and conjecture rather than a thorough evaluation of each claim based on a complete record (CPL 440.10). In the rare case, it might be possible from the trial record alone to reject all legitimate explanations for counsel’s failure to pursue a colorable suppression issue, but neither Rivera nor Montana is such a case.
*710 Accordingly, the order of the Appellate Division should be affirmed in each case.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
In each case: Order affirmed.