■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered August 27, 1984, convicting him of burglary in the second degree, grand larceny in the third degree, criminal possession of stolen property in the second degree, and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt. The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's assertion, we conclude that he was not denied effective assistance of counsel by virtue of his trial attorney's failure to move to sever the counts in the indictment *(see, People v Rivera,* 71 NY2d 705).

We also conclude that the imposition of a consecutive sentence for the conviction of criminal possession of a hypodermic needle was appropriate. That offense and the burglary offenses were not committed through a single act, nor did one constitute a material element of the other *(see,* Penal Law § 70.25 [2]). Furthermore, the sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them either unpreserved for appellate review or without merit. Mangano, J. P., Thompson, Sullivan and Balletta, JJ., concur.