■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE LAWTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered January 2, 1987, convicting him of robbery in the first degree, robbery in the second degree, and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's argument that the verdict is not supported by legally sufficient evidence is without merit. Viewing the

evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt. The evidence clearly established that the defendant robbed the complainant and burglarized her apartment in the early morning hours of April 11, 1985. In addition, the landlord of the complainant's building saw the burglars leaving the complainant's apartment and recognized one of them as the defendant, whom he had seen on several occasions while playing basketball in the defendant's neighborhood.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Resolution of issues relating to the credibility of witnesses and the weight to be accorded evidence is the province of the jury *(People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Although the complainant's identification of the defendant was uncertain, the jury was entitled to credit the landlord's identification of the defendant as one of the men who attacked the complainant and ransacked her apartment.

During the trial, the defendant was cross-examined with respect to his alleged attempts to steal a car on May 5, 1978. The defendant argues that reversible error was committed by virture of the prosecutor's failure to give him advance notice that he intended to use this prior uncharged criminal conduct for impeachment purposes. This argument must be rejected since the statute imposing a notice requirement on the People, i.e., CPL 240.43, only became effective November 1, 1987, 11 months after the defendant was sentenced. In all other respects, the cross-examination of the defendant was proper *(People v Schwartzman,* 24 NY2d 241, 244).

We have examined the defendant's remaining arguments and find them to be without merit *(People v Rivera,* 71 NY2d 705; *People v Suitte,* 90 AD2d 80). Mollen, P. J., Mangano, Kunzeman and Kooper, JJ., concur.