■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO MADERA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUVENALE CORNIEL, Appellant.—Judgment of the Supreme Court, New York County (Joan Carey, J.), rendered February 23, 1988, convicting defendant, Pablo Madera, after a jury trial, of one count of robbery in the first degree and two counts of robbery in the second degree and sentencing him to 7 to 21 years' and two terms of 5 to 15 years' imprisonment, respectively, to run concurrently, unanimously affirmed.

Judgment of the same court and Justice, rendered May 9, 1988, convicting defendant Juvenale Corniel, of robbery in the first degree and two counts of robbery in the second degree, and sentencing him to 7½ to 15 years' and two terms of 5 to 10 years' imprisonment, respectively, to run concurrently, unanimously affirmed.

The defendants were convicted of two separate robberies, occurring within a 13-day period. In each instance, the defendants gained entry to the locked lobbies of apartment buildings and robbed inhabitants on or in the vicinity of the elevators. One of the victims, a classical violinist, returning from a performance at Carnegie Hall, was robbed of a rare and expensive violin. Defendant Madera pawned the violin and was eventually apprehended through information provided by the pawn shop proprietor, who was able to identify him. Defendant Corniel was identified by the victim of the other robbery from a photo array. Both defendants were positively identified in separate lineups by each victim. Additionally, evidence was adduced at trial that defendant Madera disrupted a court-ordered lineup and caused the postponement of that lineup.

Initially, it is clear that both defendants were proved guilty beyond a reasonable doubt. While we note that the evidence of the aborted lineup, apparently admitted as evidence of defendant Madera's consciousness of guilt, had only tangential relevance to the issues at trial, defendant's present argument that this evidence impugned defendant's invocation of his right to counsel is entirely unsupported by the record. Defendant did not assert that his refusal to submit to the lineup resulted from dissatisfaction with the attorney representing him at the lineup until he testified at trial; the argument made at the time the evidence was admitted related only to the weight and relevance of the evidence. Further, any prejudice which might have been created by introduction of the evidence of defendant's disruptive behavior was dispelled by

the court's instructions, which were not objected to. Nor would reversal be warranted, in any event, in view of the overwhelming evidence of defendant's guilt.

Madera's challenges to the prosecutor's cross-examination are unpreserved for appellate review as a matter of law. We find no reason to review in the interest of justice. Defendant's challenge to the prosecutor's summation is likewise unpreserved and we similarly decline to review this argument.

With respect to defendant Corniel's claim that he had been denied effective assistance of trial counsel by counsel's failure to move for suppression of the identification testimony, we note that the claim is not cognizable on this record. In any event, to the extent review is possible, we find that the identification is clear and that suppression would be without basis. Moreover, the failure to make a pretrial motion does not, per se, evince ineffective assistance of counsel *(see, People v Rivera,* 71 NY2d 705). Concur—Kupferman, J. P., Sullivan, Carro and Smith, JJ.