■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISIAH RELFORD, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J., at suppression hearing, jury trial and sentence), rendered November 15, 1989, convicting defendant of rape in the first degree, and sentencing him to a term of imprisonment of 7 to 21 years, unanimously affirmed.

Failure of trial counsel to make any specific pretrial motion does not alone establish ineffective assistance *(People v Rivera,* 71 NY2d 705, 709). In this case, there was no viable reason to pursue the *Huntley* motion following unshakeable hearing testimony and the hearing court's ruling that defendant's statement was properly admissible. Defense counsel made appropriate pretrial and trial motions and applications, vigorously cross-examined the People's witnesses and presented a consistent defense that included an attack of the complainant's veracity and mental stability. That the defense was unsuccessful does not indicate ineffective assistance of counsel *(see, People v Baldi,* 54 NY2d 137, 140).

We perceive no abuse of discretion by the trial court in its *Sandoval* ruling, and no misconduct by the prosecutor in cross-examining defendant thereon *(People v Sandoval,* 34 NY2d 371).

We have considered defendant's additional claims of error and find them to be either unpreserved for appellate review as a matter of law (CPL 470.05) or without merit. Concur—Carro, J. P., Kupferman, Ross and Asch, JJ.