◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEOFILO REYES, Appellant. [782 NYS2d 457]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered November 27, 2002, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of nine years, unanimously affirmed.

Since defendant's ineffective assistance of counsel contention involves matters outside the record relating to the reasons for trial counsel's failure to object to certain testimony, it would require a CPL 440.10 motion. To the extent the existing record permits review, it establishes that counsel provided effective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant, claiming that the People failed to meet the requirements of CPL 60.25 for admission of a previous recognition, contends that counsel was ineffective for failing to object when the People introduced a lineup identification made by one of the eyewitnesses after this witness failed to identify defendant in court.

However, defendant has not shown the "absence of strategic or other legitimate explanations" for counsel's conduct (*People v Rivera*, 71 NY2d 705, 709 [1988]). The record warrants the conclusion that such an objection would have been futile because the People would have established the admissibility of the lineup identification (*see* CPL 60.25).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Saxe, Williams, Marlow and Sweeny, JJ.