■ In the Matter of DARRELL S., a Person Alleged to be a Juvenile Delinquent, Appellant. [813 NYS2d 372]—

Order of disposition, Family Court, Bronx County (Harold J. Lynch, J.), entered on or about May 27, 2004, which adjudicated

appellant a juvenile delinquent, upon a fact-finding determination that he committed an act, which, if committed by an adult, would constitute the crime of robbery in the third degree, and placed him with the Office of Children and Family Services for a period of 18 months, unanimously affirmed, without costs.

The court's finding was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the court's determinations concerning credibility and identification. The victim's identification of appellant was corroborated by the fact that appellant had the victim's property in his possession a short time after the robbery and near to the location where the victim's chase of appellant ended.

To the extent the existing record permits review, it establishes that appellant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Appellant has failed to demonstrate "the absence of strategic or other legitimate explanations" (*People v Rivera*, 71 NY2d 705, 709 [1988]) for counsel's conduct. The record demonstrates that counsel could have reasonably forgone a suppression motion as an exercise in futility. Even if we were to find that counsel should have made a suppression motion, we would find no reasonable possibility that such a motion would have led to the suppression of any evidence. Concur—Saxe, J.P., Marlow, Sullivan, Gonzalez and Catterson, JJ.