THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELISEO LUGO, JR., Appellant. [824 NYS2d 675]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ort, J.), rendered September 3, 2003, convicting him of assault in the second degree (two counts), and endangering the welfare of a minor, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the trial court's *Ventimiglia/ Molineux* ruling (*see People v Ventimiglia,* 52 NY2d 350 [1981]; *People v Molineux,* 168 NY 264 [1901]) is without merit. The evidence of the defendant's prior acts of abuse was properly admitted, as it was relevant to show the absence of accident (*see People v Figueroa,* 245 AD2d 463 [1997]; *People v Basir,* 179 AD2d 662, 664 [1992]). Moreover, such evidence is especially warranted in cases such as this involving child abuse, "where the crime charged has occurred in the privacy of the home and the facts are not easily unraveled" (*People v Henson,* 33 NY2d 63, 72 [1973]; *see People v Basir, supra*).

To prevail on a claim of ineffective assistance of counsel, "it is

incumbent on [the] defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's failure" (*People v Montana*, 71 NY2d 705, 709 [1988]; *see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Jean*, 21 AD3d 499 [2005]). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Jean, supra*). Here, the record demonstrates that the defendant received meaningful representation (*see People v Benevento, supra*). The defense counsel presented a clear and cogent opening and summation, a five-witness defense, and secured the defendant an acquittal on the top three charges of assault in the first degree.

The remaining contentions raised in the defendant's supplemental pro se brief are unpreserved for appellate review and, in any event, are without merit. Schmidt, J.P., Adams, Santucci and Lifson, JJ., concur.