■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE McCANT, Appellant. [835 NYS2d 553]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered March 3, 2005, convicting defendant, after a jury trial, of three counts of criminal possession of a forged instrument in the first degree, and sentencing him to concurrent terms of 2 to 6 years, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the verdict was based on legally sufficient evidence. The evidence supports the conclusion that defendant was part of a team in which two men repeatedly entered stores and obtained merchandise and change in return for counterfeit bills, while defendant served as a lookout and collected the proceeds of the unlawful transactions.

The court properly exercised its discretion in admitting evidence of defendant's similar conduct on prior occasions to show defendant's intent, knowledge and absence of mistake, as well as to explain the events leading to defendant's arrest (*see People v Alvino*, 71 NY2d 233, 242-243 [1987]). The probative value of this evidence outweighed its prejudicial effect, which the court minimized by delivering thorough limiting instructions.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they primarily involve matters outside the record concerning counsel's strategic decisions (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v*

*Love,* 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington,* 466 US 668 [1984]).

Defendant's pro se claim is unpreserved and without merit. Concur—Tom, J.P., Friedman, Sullivan, Buckley and Kavanagh, JJ.