■ The People of the State of New York, Respondent, v Juan Cruz, Appellant. [901 NYS2d 836]—

Judgments, Supreme Court, New York County (Thomas Farber, J.), rendered November 15, 2007, as amended December 6, 2007 and January 4, 2008, convicting defendant, upon his pleas of guilty, of attempted murder in the second degree, assault in the first degree, reckless endangerment in the first degree, endangering the welfare of a child (two counts), and sexual abuse in the first degree (three counts), and sentencing him, as a second violent felony offender, to an aggregate term of 20 years, unanimously affirmed.

Defendant claims that he was denied effective assistance at sentencing by counsel's failure to argue for more leniency than the court had promised, and failure to submit a presentence report. These claims are unreviewable on direct appeal because they involve matters outside the record (*see People v Rivera,* 71 NY2d 705, 709 [1988]; *People v Ramos,* 44 AD3d 438 [2007], *lv denied* 9 NY3d 1037 [2008]). On the unexpanded record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington,* 466 US 668 [1984]), in that he was not prejudiced by counsel's failure to seek further leniency. Defendant pleaded guilty to all the counts contained in two indictments, involving very serious crimes that would have justified lengthy consecutive sentences. While the prosecutor was not a party to the agreement between the court and defendant, the court made a specific promise of an aggregate term of 20 years and expressly refused to go any lower. Although, at sentencing, the court was free to impose a lower sentence, and was in possession of a thorough psychiatric evaluation, there is no reason to believe it could have been persuaded to extend further leniency.

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Sweeny, Richter, Abdus-Salaam and Román, JJ.