■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS HERNANDEZ, Appellant. [915 NYS2d 76]—

Judgment, Supreme Court, Bronx County (Harold Silverman, J., at hearing; Denis John Boyle, J., at jury trial and sentence), rendered April 6, 2005, convicting defendant of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.

At a pretrial hearing, the People established that a witness had a sufficient familiarity with defendant to make a confirmatory identification (*see People v Rodriguez*, 79 NY2d 445 [1992]). As to another eyewitness, no such inquiry was necessary because he never made a pretrial identification of defendant.

Defendant expressly waived any claim that the court should have submitted manslaughter in the second degree as a lesser included offense (*see* CPL 300.50 [1]). As an alternative holding, we also reject it on the merits, since there is no reasonable view of the evidence that defendant recklessly caused his victim's death.

The court's adverse inference charge was a sufficient remedy that prevented defendant from being prejudiced by the loss of certain police interview notes (*see People v Martinez*, 71 NY2d 937, 940 [1988]). Defendant's arguments, including any constitutional claims, regarding the alleged nondisclosure of federal transcripts relating to a prosecution witness are without merit.

The court properly exercised its discretion in denying defendant's mistrial motion, which was based on a particular summation remark by the prosecutor. The court struck that remark and issued curative instructions that were sufficient to prevent any prejudice. Defendant's remaining claims of prosecutorial misconduct are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

The ineffective assistance of counsel claims contained in defendant's main and pro se supplemental briefs are unreviewable on direct appeal because they involve matters outside the record concerning counsel's strategic decisions (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and

federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We reject the claims made in both the main and pro se briefs relating to allegedly missing or unavailable transcripts of jury selection. Defendant's remaining pro se claims are likewise without merit. Concur—Gonzalez, P.J., Sweeny, Acosta, Freedman and Abdus-Salaam, JJ.