■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL BARRERA, Appellant. [13 NYS3d 8]—Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered November 13, 2012, convicting defendant, upon his plea of guilty, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Defendant claims his attorney misadvised him to forgo a defense of extreme emotional disturbance, and to accept a plea to murder without any sentence promise except that the court would determine the sentence after hearing evidence from both sides at a presentence conference. These claims would require a CPL 440.10 motion in order to expand the record as to counsel's strategic analysis of the case and his discussions with defendant (*see People v Davis*, 265 AD2d 260 [1st Dept 1999], *lv denied* 94 NY2d 879 [2000]). Counsel's brief discussion of these matters on the record contains insufficient explanation to permit review.

Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that counsel's advice fell below an objective standard of reasonableness, or that it was prejudicial. In particular, the record before us fails to support defendant's assertion that he had a viable extreme emotional disturbance defense (*see People v Roche*, 98 NY2d 70 [2002]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Sweeny, Gische and Clark, JJ.