People v White (2015 NY Slip Op 08342)





People v White


2015 NY Slip Op 08342


Decided on November 17, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2015

Gonzalez, P.J., Sweeny, Manzanet-Daniels, Kapnick, JJ.


16153 4170/09

[*1] The People of the State of New York, Respondent,
v
Larry White, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Allen Fallek of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Grace Vee of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered September 20, 2010, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of 7 years, unanimously affirmed.
Since, as the court concluded, there was no reasonable view of the evidence to support a justification charge, and since there was no reasonable possibility of an acquittal on that ground, defendant could not have been prejudiced by anything in the court's inartful responses to notes in which the deliberating jury inquired about justification despite the absence of such an instruction from the court's main charge.
Defendant's claim that his counsel rendered ineffective assistance by failing to pursue an additional theory of justification is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera , 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento , 91 NY2d 708, 713-714 [1998]; Strickland v Washington , 466 US 668 [1984])
We perceive no basis for reducing the sentence or for remanding for resentencing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 17, 2015
CLERK