■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK DELACRUZ, Appellant. [24 NYS3d 288]—

Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered April 9, 2013, convicting defendant, upon his plea of guilty, of robbery in the third degree, and sentencing him to a term of 2⅓ to 7 years, unanimously affirmed.

Since the record is silent as to the circumstances leading to defendant's decision to enter a plea of guilty to the top count of the indictment accompanied by the maximum lawful sentence, and as to the content of defendant's consultations with counsel on this subject, defendant's claim that he received no benefit from his plea, and his related ineffective assistance of counsel claim, are unreviewable on direct appeal (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of these claims may not be addressed on appeal. In the alternative, his suggestion that his decision to enter this plea was the product of mental illness rests on speculation.

Defendant's unpreserved challenges to the validity of his plea allocution do not come within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 665 [1988]), and we decline to review them in the interest of justice. As an alternative holding, we find that the plea was knowing, intelligent and voluntary. There is nothing in the record to suggest that defendant's ability to make a valid plea was impaired in any way by his mental condition. Although defendant stated that he had stopped receiving an antidepressant about a month before the plea, this could have been the result of a medical decision to discontinue this medication, and there is no indication that defendant needed an antidepressant to understand the proceedings. In any event, the court specifically elicited defendant's assurance that the absence of the medication had no effect on his comprehension.

Regardless of whether defendant made a valid waiver of his right to appeal, we reject his suppression and excessive sentence claims. Concur—Saxe, J.P., Moskowitz, Richter and Feinman, JJ.