■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAHIEM HARRIS, Appellant. [65 NYS3d 186]—

Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered April 1, 2015, convicting defendant, after a jury trial, of burglary in the first degree, criminal possession of a weapon in the third degree, and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The chain of events readily supports the inference that at the time defendant unlawfully entered an apartment building, he did so with the intent to commit a crime therein.

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves significant matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of his ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the

state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). With regard to defendant's claim that his counsel's conduct deprived him of the opportunity for a more lenient disposition, defendant has not shown that counsel could have "salvaged" the aborted guilty plea after defendant made a plainly unsatisfactory factual allocution. With regard to trial strategy, the record shows that, in addition to other defenses, counsel did in fact present a version of the defense that defendant now faults him for omitting. Concur—Richter, J.P., Kapnick, Webber, Oing and Singh, JJ.