People v Smith (2018 NY Slip Op 04423)





People v Smith


2018 NY Slip Op 04423


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Mazzarelli, Moulton, JJ.


3089/13 6862

[*1] The People of the State of New York, Respondent,
v
Anthony Smith, Defendant-Appellant.


Edith Blumberg, New Berlin, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Hope Korenstein of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan Merchan, J.), rendered January 16, 2014, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously affirmed.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, relating to counsel's strategic choices (see People v Rivera , 71 NY2d 705, 709 [1988]; People v Love , 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal.
In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento , 91 NY2d 708, 713-714 [1998]; Strickland v Washington , 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or had a reasonable probability of affecting the outcome of the case. On the unexpanded record before us, we conclude that counsel made an objectively reasonable strategic choice to focus on a claim that defendant engaged in an innocent encounter with another person, which an observing officer misunderstood to be a drug transaction, and not to contest any other elements such as identity. Viewed in this light, the conduct of counsel that defendant challenges on appeal was likewise reasonable, and in any event did not cause any prejudice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK