People v Jiggetts (2019 NY Slip Op 00348)





People v Jiggetts


2019 NY Slip Op 00348


Decided on January 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2019

Renwick, J.P., Manzanet-Daniels, Gische, Mazzarelli, Kahn, JJ.


8118 2731/15

[*1]The People of the State of New York, Respondent,
v
Oscar Jiggetts, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Yan Slavinskiy of counsel), for respondent.



Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered July 29, 2016, convicting defendant, after a jury trial, of robbery in the second degree, grand larceny in the fourth degree (two counts) and criminal possession of stolen property in the fifth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 17 years to life, unanimously affirmed.
The court erred in denying defendant's request for a charge on cross-racial identifications. "When identification is an issue in a criminal case and the identifying witness and defendant appear to be of different races, upon request, a party is entitled to a charge on cross-racial identification" and the trial court must give the charge if a party requests it (People v Boone, 30 NY3d 521, 526, 535 [2017]). "It is the fact of a cross-racial identification that should be the basis of the court's charge, not the nature of the questions asked on the examination" (id. at 532), and "expert testimony is not necessary to establish the right to the charge" (id. at 530). Boone "should be applied retroactively to cases pending on direct appeal" (People v Crovador, 165 AD3d 610, 610 [1st Dept 2018]). It is clear based on Boone that the court should have granted defense's counsel request for the charge on cross-racial identifications.
We find the error harmless given the specific facts of this case where the key identifying feature was a red cloth that the victim stated the robber had been holding. Defendant appeared on a videotape holding such a cloth, as he tried to use the victim's credit card shortly after the robbery, and defendant admitted he regularly carried such a cloth (see People v Bradley, 160 AD3d 760, 762 [2d Dept], lv denied 31 NY3d 1115 [2018]). Furthermore, the evidence, which included the recovery of the victim's Social Security card from defendant's apartment, was overwhelming, and defendant provided an implausible explanation for his recent, exclusive possession of the fruits of the crime (see People v Galbo, 218 NY 283, 290 [1916]).
Defendant's ineffective assistance of counsel claims are generally unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, concerning the manner in which counsel litigated a motion to suppress the victim's lineup identification of defendant (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). The record does not support defendant's contention that the victim should have been called at the suppression hearing. Defendant has not established that the victim's testimony was relevant to whether the lineup was unduly suggestive (see People v Chipp, 75 NY2d 327, 335 [1990], cert denied 498 US 833 [1990]), or that the allegedly suggestive circumstances that defendant faults counsel for failing to explore further involved a police-arranged
confrontation (see Perry v New Hampshire, 565 US 228 [2012]; People v Marte, 12 NY3d 583, [*2]587 [2009], cert denied 559 US 941 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 17, 2019
CLERK