People v Simmons (2019 NY Slip Op 03891)





People v Simmons


2019 NY Slip Op 03891


Decided on May 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2019

Gische, J.P., Kahn, Gesmer, Singh, Moulton, JJ.


9326 5895/13

[*1]The People of the State of New York, Respondent,
v
Michael Simmons, Defendant-Appellant.


Salzano, Jackson & Lampert, LLP, New York (Jason Lampert of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered February 4, 2015, convicting defendant, after a jury trial, of assault in the second and third degrees and menacing in the third degree, and sentencing him to concurrent terms of six months, unanimously affirmed.
Defendant's claim that the court should have excused a juror for cause based on his allegedly disqualifying statements during voir dire, notwithstanding the absence of any challenge, is not only unpreserved but unreviewable. By statute (CPL 270.20[2]), an allegedly erroneous failure to excuse a prospective juror for cause is only cognizable when a defendant challenges the panelist for cause, the court denies the challenge, the defendant (who, as here, has peremptory challenges remaining) peremptorily challenges the same panelist, and the defendant exhausts all peremptories. None of those events happened in this case.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, with particular reference to counsel's reasons for deeming the juror at issue a satisfactory juror for the defense (see People v Rivera , 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 16, 2019
DEPUTY CLERK