People v Gjinaj (2020 NY Slip Op 03846)





People v Gjinaj


2020 NY Slip Op 03846


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Singh, González, JJ.


11774 2381/16

[*1] The People of the State of New York, Respondent,
v
Vladimir Gjinaj, Defendant-Appellant.


Beverly Van Ness, New York, for appellant.
Darcel D. Clark, District Attorney, Bronx (Shera Knight of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered March 4, 2019, as amended, March 11, 2019, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a prison term of five years, unanimously affirmed.
Defendant's conviction was supported by legally sufficient evidence, and was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supported the inference that defendant intentionally caused serious physical injury to the victim by slashing him with a box cutter.
Defendant did not preserve any of his challenges to the court's jury instructions, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. The court's adverse inference instruction and its explanation of reasonable doubt conveyed the appropriate principles. Even assuming, without deciding, that defendant was entitled to an instruction regarding the jury's consideration of certain evidence received as past recollection recorded, any error in failing to charge on that relatively insignificant evidence was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state
and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK