People v Rosario (2021 NY Slip Op 05302)





People v Rosario


2021 NY Slip Op 05302


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Webber, J.P., Singh, Scarpulla, Mendez, Rodriguez, JJ. 


Ind No. 5327/14 Appeal No. 14295 Case No. 2018-275 

[*1]The People of the State of New York, Respondent,
v
Hickliff Rosario, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Susan Epstein of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ellen Stanfield Friedman of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered October 12, 2016, as amended November 4, 2016 and February 22, 2017, convicting defendant, after a jury trial, of sexual abuse in the first degree, unlawful imprisonment in the second degree, criminal contempt in the first degree, attempted gang assault in the first degree, attempted intimidating a witness or victim in the first degree, intimidating a witness or victim in the second degree, aggravated criminal contempt and three counts of endangering the welfare of a child, and sentencing him, as a second felony offender, to an aggregate term of 14 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its evaluation of allegedly exculpatory text messages.
Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record, with regard to counsel's reasons for refraining from certain cross-examination (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713—714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that counsel's alleged omission fell below an objective standard of reasonableness, or that it deprived defendant of a fair trial or affected the outcome of the case.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021