People v Tejada (2022 NY Slip Op 02349)

People v Tejada

2022 NY Slip Op 02349

Decided on April 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 07, 2022

Before: Manzanet-Daniels, J.P., Kern, Gesmer, Oing, Rodriguez, JJ. 

Ind. No. 1036/16 Appeal No. 15672 Case No. 2018-3310 

[*1]The People of the State of New York, Respondent,
v
Luis Tejada, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (David Bernstein of counsel), and Cleary Gottlieb Steen & Hamilton, New York (Tabitha P. Cohen of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Franklin R. Guenthner of counsel), for respondent.

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered June 6, 2017, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, three counts of criminal possession of a controlled substance in the third degree and two counts of criminal use of drug paraphernalia in the second degree, and sentencing him to an aggregate term of nine years, unanimously affirmed.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1998]; People v Love, 57 NY2d 998 [1982]). Because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent that the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any misunderstandings by counsel of the applicable law caused him to make damaging concessions, or otherwise prejudicially affected the conduct of the defense.
Defendant's general objection to qualifying an investigator as an expert failed to preserve his present challenge to the content of the expert testimony explaining coded language, and we decline to review it in the interest of justice. As an alternative holding, we find that the testimony did not exceed the limitations contained in People v Inoa (25 NY3d 466, 474 [2015]).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 7, 2022