People v McBayne (2022 NY Slip Op 02638)

People v McBayne

2022 NY Slip Op 02638

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Manzanet-Daniels, J.P., Kern, Singh, Kennedy, Mendez, JJ. 

Ind. No. 1541/16 Appeal No. 15770 Case No. 2019-3448 

[*1]The People of the State of New York, Respondent,
v
Wayne McBayne, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura A. Ward, J. at hearing; Robert M. Mandelbaum, J. at jury trial and sentencing), rendered December 15, 2017, convicting defendant of arson in the second degree and burglary in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term
of 20 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. An eyewitness's identification of defendant was generally corroborated by other evidence, including evidence of motive, and defendant's alibi defense was significantly impeached. In addition to the issue of identity, defendant also challenges the sufficiency and weight of the evidence supporting certain elements of arson and burglary; however, those elements were supported by the evidence and reasonable inferences that could be drawn therefrom.
The court providently exercised its discretion in admitting into evidence a peephole detached from the identifying witness's door, and in permitting the deliberating jury to look through it. The witness testified that the peephole was in the same condition as it was at the time of the crime when he looked through it and saw defendant entering the apartment where the fire occurred. A jury may conduct a demonstration of the crime in the jury room provided it involves no more than "the jurors' application of everyday experiences, perceptions and common sense" to the evidence (People v Gomez, 273 AD2d 160, 161 [1st Dept 2000], lv denied 95 NY2d 890 [2000]; see also People v Gerard, 10 AD3d 579 [1st Dept 2004], lv denied 4 NY3d 744 [2004]). The difference between looking through a detached peephole and one that is part of a door, and any differences in lighting conditions, affected the weight to be accorded this evidence rather than its admissibility.
At a Rodriguez hearing (People v Rodriguez, 79 NY2d 445 [1992]), the prosecution established that the identifying witness had sufficient familiarity with defendant such that his single-photograph identification of defendant was confirmatory. A fire marshal testified that the witness knew defendant's first name and the floor and location of his apartment in the building in which they both lived, and that the witness had seen defendant two or three times a week in or outside the building for the past year (see People v Waterman, 56 AD3d 329 [1st Dept 2008], lv denied 12 NY3d 763 [2009]).
Defendant did not preserve any of his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [[*2]1993]).
To the extent that defendant is raising ineffective assistance of counsel claims in connection with some of the previously-discussed issues, these claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022