People v Williams (2022 NY Slip Op 06761)

People v Williams

2022 NY Slip Op 06761

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Webber, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Ind. No. 1482/18 Appeal No. 16732 Case No. 2020-00600 

[*1]The People of the State of New York, Respondent,
v
Ashley Williams, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Katharine Skolnick of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Emily N. Gault of counsel), for respondent.

Judgment, Supreme Court, New York County (Diane Kiesel, J.), rendered October 31, 2019, convicting defendant, after a nonjury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously affirmed.
The verdict convicting defendant of second-degree assault on the theory of intentionally causing physical injury to a person over 65 (Penal Law § 120.05[12]) was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the factfinder's determinations concerning the credibility and reliability of the witnesses and the evidence presented. The element of intent to cause physical injury was established by the nature of the attack and the injuries sustained by the victim (see People v Lamont, 25 NY3d 315, 319 [2015]). Witness testimony, video footage, and documentary evidence established that defendant punched the 84-year-old victim in the face with such force that the victim's sunglasses were broken and knocked off his face, and also established that the blow caused multiple facial fractures and a serious laceration requiring stitches. Furthermore, defendant admitted that he hit the victim over perceived disrespect.
The court, sitting as trier of fact, correctly declined to consider reckless third-degree assault as a lesser included offense. That charge was not supported by a reasonable view of the evidence, viewed most favorably to defendant (see People v Rivera, 23 NY3d 112, 120-121 [2014]). The evidence presented demonstrated that defendant's act "could only be viewed as evincing at least an intent to cause physical injury, and there was no evidence to support a theory of recklessness" (People v Gutt, 101 AD3d 423, 423 [1st Dept 2012], lv denied 20 NY3d 1099 [2013]).
Defendant's ineffective assistance of counsel claims, based on arguments and admitted strategic decisions made by trial counsel, are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by the record (see People v Rivera, 71 NY2d 705, 709 [1988]). In the absence of a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received
effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing defendant's sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022