People v Jenkins (2023 NY Slip Op 01363)

People v Jenkins

2023 NY Slip Op 01363

Decided on March 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 16, 2023

Before: Friedman, J.P., González, Kennedy, Shulman, Pitt-Burke, JJ. 

Ind No. 1367/2016 Appeal No. 17519 Case No. 2019-1905 

[*1]The People of the State of New York, Respondent,
v
Daemon Jenkins, Defendant-Appellant.

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sylvia Wertheimer of counsel), for respondent.

Judgment, Supreme Court, New York County (Mark Dwyer, J.), rendered November 29, 2018, convicting defendant, after a jury trial, of conspiracy in the fourth degree and criminal sale of a firearm in the third degree (four counts), and sentencing him, as a second violent felony offender, to an aggregate term of 12 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence established the geographic jurisdiction of New York State over each offense based on defendant's acts and the acts of his accomplices (see Penal Law § 20.00), notwithstanding that defendant was physically located in Virginia (see CPL 20.20[1][a],[2][d]; People v Kassebaum, 95 NY2d 611, 620 [2001]). The testimony, documentary evidence, and intercepted communications showed that defendant and several accomplices engaged in a firearm trafficking operation, in which one participant arranged to purchase and pick up firearms in several southern states and transported them to New York for resale. Recorded conversations between defendant and the accomplice, viewed as a whole, supported reasonable inferences that defendant knowingly supplied the accomplice with four firearms, and that defendant was aware that the accomplice subsequently sold them in New York (see e.g. People v Alvarez, 158 AD3d 587, 587 [1st Dept 2018], lv denied 31 NY3d 1114 [2018]).
The court providently exercised its discretion in denying defendant's request for new assigned counsel (see People v Porto, 16 NY3d 93, 99-101 [2010]; People v Colon, 145 AD3d 562 [1st Dept 2016], lv denied 29 NY3d 947 [2017]). After defendant submitted a written motion, the court gave him an opportunity to elaborate on it orally, which defendant declined. This constituted a suitable inquiry into his claims (see People v Nelson, 7 NY3d 883 [2006]). Defendant's assertion that counsel had failed to raise particular arguments is not supported by the record and did not provide good cause to relieve counsel on the eve of jury selection.
Defendant's related ineffective assistance of counsel claims, based on counsel's alleged failure to consult with him, raise certain arguments, and pursue particular strategies, are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2023