People v Lashley (2023 NY Slip Op 01596)

People v Lashley

2023 NY Slip Op 01596

Decided on March 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 23, 2023

Before: Renwick, A.P.J., Friedman, Scarpulla, Mendez, Rodriguez, JJ. 

Ind. No. 4895/17 4895/17 Appeal No. 17573 Case No. 2019-03922 

[*1]The People of the State of New York, Respondent,
v
Sharon Lashley, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Molly Morgan of counsel), for respondent.

Judgment, Supreme Court, New York County (Steven M. Statsinger, J.), rendered June 6, 2019, as amended December 13, 2019, convicting defendant, upon her plea of guilty plea, of identity theft in the first degree, and sentencing her, as a second felony offender, to a term of two to four years, unanimously affirmed.
Defendant's claim that her counsel rendered ineffective assistance by submitting a defective speedy trial motion is unreviewable on direct appeal because it generally involves matters not reflected in, or fully explained by, the record (see People v Rivera , 71 NY2d 705, 709 [1988]). These include counsel's reasons for not challenging two periods of delay, and facts bearing on the excludability of one of these periods. Therefore, because defendant has not made a CPL 440.10 motion, the merits of her claim may not be addressed on appeal. In the alternative we find, to the extent the existing record permits review, that defendant received effective assistance (see People v Benevento , 91 NY2d 708, 713-714 [1998]; Strickland v Washington , 466 US 668 [1984]). On the present record, defendant has not established that either of the periods at issue should have been charged to the People.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2023