People v Spencer (2023 NY Slip Op 02070)

People v Spencer

2023 NY Slip Op 02070

Decided on April 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 20, 2023

Before: Oing, J.P., González, Shulman, Higgitt, JJ. 

Ind. No. 3817/09 Appeal No. 70 Case No. 2019-1502 

[*1]The People of the State of New York, Respondent,
v
Darrell Spencer, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Chamoy of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Robert A. Neary, J.), rendered October 12, 2018, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 25 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). In addition to his own confession, there was forensic evidence connecting defendant to the crime. The evidence also failed to support defendant's theory that his girlfriend committed the crime.
Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). In particular, the unexpanded record does not explain the strategic considerations behind counsel's alleged misstatement of the law during summation, which he offered to provide the jury with an additional ground for acquittal. Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that the summation remarks at issue fell below an objective standard of reasonableness, or that they deprived defendant of a fair trial or affected the outcome of the case.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2023