People v Feliciano (2025 NY Slip Op 07313)

People v Feliciano

2025 NY Slip Op 07313

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2023-08675

[*1]The People of the State of New York, respondent,
vDaniel Feliciano, appellant. (S.C.I. No. 90249/19)

Patricia Pazner, New York, NY (Elisabeth R. Calcaterra of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Nicole Kaye of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Mario F. Mattei, J., at plea; Marina Cora Mundy, J., at sentence), rendered July 12, 2022, convicting him of criminal possession of stolen property in the fifth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the mandatory surcharge and fees imposed at sentencing (see Penal Law § 60.35[1][a]) should be waived pursuant to CPL 420.35(2-a) is unpreserved for appellate review (see id. § 470.05[2]; People v Jawan Lee, 236 AD3d 924; People v Taj W., 235 AD3d 1016, 1016). Under the circumstances, and in the absence of the People's consent, we decline to reach the issue in the exercise of our interest of justice jurisdiction (see People v Clarke, _____ AD3d _____, 2025 NY Slip Op 06070).
The defendant's contention that he was denied the effective assistance of counsel at sentencing based on defense counsel's failure to request that the mandatory surcharge and fees be waived is without merit (see People v Robinson, 176 AD3d 877). The defendant failed "to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's alleged shortcoming at the sentencing proceeding (People v Rivera, 71 NY2d 705, 709). Under the circumstances, the defendant failed to establish that he received the ineffective assistance of counsel under either the federal or state constitutional standards (see generally Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 714).
DILLON, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court