People v Nicholas

2026 NY Slip Op 02800

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Thomas Nicholas, Defendant-Appellant.

Decided and Entered: May 05, 2026

Ind. No. 71672/22|Appeal No. 6513|Case No. 2023-00169|

Before: Webber, J.P., Moulton, Mendez, Higgitt, Michael, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alec Miran of counsel), for appellant.

Letitia James, Attorney General, New York (Jalina J. Hudson of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered January 4, 2023, convicting defendant, upon his plea of guilty, of criminal possession of stolen property in the first degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

Defendant failed to preserve his challenge to the voluntariness of his plea based on the "the court's allegedly inaccurate description of his . . . potential sentence" (People v Gonzalez, 243 AD3d 485, 485 [1st Dept 2025], lv denied, 45 NY3d 936 [2026]), and we decline to consider it in the interest of justice. As an alternative holding, we find that the totality of the circumstances demonstrates the voluntariness of the plea.

Defendant's related ineffective assistance of counsel claim is "unreviewable on direct appeal because it involves matters outside the record regarding the full extent of counsel's sentencing advice" (People v Murray, 175 AD3d 1191, 1191-1192 [1st Dept 2020], lv denied 34 NY3d 1018 [2019]; see also People v Rivera, 71 NY2d 705, 709 [1988]). Thus, defendant's claim must be raised in a CPL 440.10 motion (see e.g. People v Gomez, 186 AD3d 422, 423 [1st Dept 2020]). To the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668, 689-692 [1984]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026