■ The People of the State of New York, Respondent, v Jelan Miller, Appellant. [929 NYS2d 328]—

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

"A defendant in a criminal case has a constitutional right to the effective assistance of counsel" (*People v Larkins*, 10 AD3d 694, 694 [2004]; *see* US Const 6th Amend; NY Const, art I, § 6). "However, what constitutes effective assistance is not and cannot be fixed with precision, but varies according to the particular circumstances of each case" (*People v Rivera*, 71 NY2d 705, 708 [1988]). Under the New York State Constitution, "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v*

*Baldi*, 54 NY2d 137, 147 [1981]; *see People v Benevento*, 91 NY2d 708, 712 [1998]). The focus of the New York standard is on "the fairness of the process as a whole" (*People v Benevento*, 91 NY2d at 714). To prevail on a claim of ineffective assistance of counsel, it is incumbent on the defendant to demonstrate "the absence of strategic or other legitimate explanations" for counsel's allegedly deficient conduct (*People v Rivera*, 71 NY2d at 709).

In this case, the defendant was charged with the rape of the then-16-year-old complainant. The evidence at trial showed that the complainant spent time in the home of the defendant and his then-girlfriend (hereinafter the girlfriend), taking care of their children. The complainant testified that the defendant raped her when she spent the night at the home of the defendant and the girlfriend (hereinafter the defendant's home).

At trial, defense counsel failed to prevent unduly prejudicial testimony from being admitted into evidence. The complainant's mother testified that two of the girlfriend's nieces were regularly present in the defendant's home. The complainant's mother stated that she heard from the girlfriend that the two nieces "all of a sudden" became "monsters." She added that one of the nieces became "mean and angry" while the other became "very promiscuous." This testimony implied that the defendant committed sex crimes against the girlfriend's two nieces and, thus, improperly suggested to the jury that the defendant had a propensity for committing sex crimes against young children. Defense counsel unsuccessfully objected to this testimony on hearsay grounds, but never raised the objection that the testimony was unduly prejudicial (*see People v Alford*, 33 AD3d 1014, 1015 [2006]). Furthermore, defense counsel never requested a limiting instruction regarding the jury's consideration of that testimony (*see People v Fleegle*, 295 AD2d 760, 762-763 [2002]).

Furthermore, on the defendant's case, the girlfriend stated on cross-examination that her daughter, who lived with the defendant and the girlfriend, had a dream that the defendant was sexually abusing her. The prosecutor then asked the girlfriend if she was telling the jury that it was just a "horrible coincidence" that her daughter had a dream that the defendant raped her and that the complainant was also alleging that she was raped by the defendant. Defense counsel objected on the ground that he would love to "go into details and conversations," but never objected based on the unfairly prejudicial nature of the testimony. The objection was overruled and the testimony was admitted into evidence. This testimony implied that the defendant raped the girlfriend's daughter and impermissibly suggested

that the defendant had a propensity for committing crimes of sexual abuse against young children. To compound the error, defense counsel did not request a limiting instruction with respect to the testimony (*id.*). In addition, defense counsel failed to object to inflammatory comments made by the prosecutor in summation with regard to the testimony (*see People v Lindo*, 167 AD2d 558, 559 [1990]).

There is no legitimate trial strategy for defense counsel's failure to object to the prejudicial nature of the above-described testimony. Moreover, the inclusion of this testimony into the jury's calculus deprived the defendant of a fair trial by suggesting that he had a criminal propensity for committing crimes of sexual abuse against young children and distracting the jury from evaluating the evidence relating to the crimes charged. Thus, the effect of defense counsel's errors deprived the defendant of meaningful representation. Accordingly, the judgment must be reversed and a new trial ordered.

In light of our determination, we need not reach the defendant's remaining contentions. Mastro, J.P., Hall, Lott and Cohen, JJ., concur.