OPINION OF THE COURT
Memorandum.
Ordered that the judgments of conviction are reversed, on the law, and the matters are remitted to the City Court for a new trial.
In April 2010, a police officer observed a vehicle parked, askew, in a parking lot, with its lights on and its engine running. After the officer approached the vehicle, he observed that defendant was asleep in the driver’s seat. Following a jury trial, defendant was convicted of aggravated driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2-a] [a]) and driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). On appeal, defendant contends that he did not receive the effective assistance of counsel because his trial attorney made multiple errors, each of which deprived him of the effective assistance of counsel. In addition, defendant contends that his trial attorney made numerous other errors throughout the trial, which, cumulatively, deprived him of a fair trial.
A defendant in a criminal case has a constitutional right to receive the effective assistance of counsel (see People v Miller, 87 AD3d 1075 [2011]; US Const Amend VI; NY Const, art I, § 6). To be entitled to relief under the New York State Constitution, a defendant must establish that his counsel did not provide him with meaningful representation (see People v Benevento, 91 NY2d 708, 713 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]; *49 see also People v Caban, 5 NY3d 143, 152 [2005]). “Stated another way, a court must examine whether counsel’s acts or omissions prejudice[d] the defense or defendant’s right to a fair trial” (Benevento, 91 NY2d at 713-714 [internal quotation marks and citation omitted]). The “claim of ineffectiveness is ultimately concerned with the fairness of the process as a whole rather than its particular impact on the outcome of the case” (id.). “However, what constitutes effective assistance is not and cannot be fixed with precision, but varies according to the particular circumstances of each case” (People v Rivera, 71 NY2d 705, 708 [1988]). To establish a claim of ineffective assistance of counsel, a defendant must “demonstrate the absence of [any] strategic or other legitimate explanations for counsel’s failure[s]” (Rivera, 71 NY2d at 709).
In order for a defendant to be convicted of driving while intoxicated, the People must establish the defendant’s guilt beyond a reasonable doubt. However, “to obtain such a conviction, there is no requirement that the defendant be observed driving the vehicle; instead, operation of a vehicle can be proven by circumstantial evidence” (People v Salerno, 36 Misc 3d 151 [A], 2012 NY Slip Op 51699[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; see also People v Prescott, 95 NY2d 655, 662 [2001]; People v Alamo, 34 NY2d 453, 459 [1974]; People v Blake, 5 NY2d 118, 120 [1958]). Defendant’s trial attorney presented no evidence but, rather, argued to the jury that defendant could not be found guilty of the charges because the People could not prove that defendant had operated the motor vehicle within the meaning of the Vehicle and Traffic Law since defendant had no present intent to place the vehicle in motion inasmuch as he was asleep when the police officer found him in the vehicle.
Being asleep in the driver’s seat of a vehicle while the engine is running has been held to constitute the operation of a vehicle within the meaning of section 1192 of the Vehicle and Traffic Law absent evidence that the engine was running for some reason other than with the intent of placing the vehicle in motion, such as to use the vehicle’s heater or air conditioner (see Salerno, 36 Misc 3d 151[A], 2012 NY Slip Op 51699[U]; People v Turner, 34 Misc 3d 159[A], 2012 NY Slip Op 50443[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). It is well settled that a court should not second-guess trial strategy. However, when there is an absence of any legitimate explanation for the trial strategy, the lack thereof may be considered in determining whether the defendant received the effective assistance of *50 counsel (see Baldi, 54 NY2d at 147). Clearly, the decision by defendant’s trial attorney not to present any evidence, especially evidence regarding defendant’s lack of intent to place the vehicle into motion by explaining why the engine was otherwise running, was devoid of any strategic purpose.
Moreover, the record indicates that defendant’s trial attorney moved to dismiss the accusatory instruments on the ground that they failed to allege the element of operation, even though defendant had been charged by simplified traffic informations (see CPL 100.25, 100.40 [2]) which, unlike informations, do not need to contain nonhearsay allegations of fact, of an evidentiary character, which establish, if true, every element of the offense charged (cf. CPL 100.15 [3]; 100.40 [1] [c]). In addition, even though defendant’s trial attorney focused the defense on the premise that defendant had not operated the vehicle, he did not object, and/or move for preclusion and a mistrial, when the prosecutor repeatedly referred to defendant as the driver of the vehicle, and elicited the police officer’s testimony that defendant had told him that “you didn’t catch me driving,” and that he “had been drinking throughout Port Jervis,” which statements were not included in the CPL 710.30 notice. Defendant’s trial attorney also did not attempt to impeach the police officer when he testified at trial that defendant had not had identification on him, whereas, at a pretrial hearing, the officer had testified that defendant had provided him with his driver’s license.
It is clear that no legitimate trial strategy existed for defendant’s trial attorney’s actions, which, when considered in the aggregate, deprived defendant of meaningful representation (see Baldi, 54 NY2d at 147; People v Miller, 63 AD3d 1186, 1188 [2009]). Accordingly, the judgments of conviction are reversed and the matters are remitted to the City Court for a new trial.
Nicolai, P.J., Iannacci and Tolbert, JJ, concur.