People v Braverman (2020 NY Slip Op 50936(U))

[*1]

People v Braverman (Eric)

2020 NY Slip Op 50936(U) [68 Misc 3d 128(A)]

Decided on August 7, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 7, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2019-1133 K CR

The People of the State of New York,
Respondent,
against
Eric Braverman, Appellant. 

Goldstein & Weinstein (David J. Goldstein and Barry Weinstein of counsel), for appellant.
New York County District Attorney (Sheryl Feldman, Yan Slavinskiy and Katherine Kulkarni of
counsel), for respondent.

Appeal from a judgment of conviction of the Criminal Court of the City of New York, New
York County (Robert M. Mandelbaum, J.), rendered December 4, 2015. The judgment convicted
defendant, after a nonjury trial, of attempted petit larceny, and imposed sentence. The appeal was
transferred to this court by decision and order of the Appellate Division, Second Judicial
Department, dated July 15, 2019 (2019 NY Slip Op 75037[U]).

ORDERED that the judgment of conviction is reversed, on the law, and the matter is
remitted to the Criminal Court of the City of New York, New York County, for a new trial.
Defendant was charged in a prosecutor's information with attempted petit larceny (Penal Law
§§ 110.00, 155.25). At a nonjury trial, the People's evidence demonstrated that
defendant, together with another individual, had attempted to remove court documents from a
courtroom after the Supreme Court Justice presiding over defendant's matrimonial proceeding
had issued an order that the documents could not be removed from the courtroom. The testimony
of a court clerk at a Huntley hearing, which defendant and the People later stipulated
would also constitute her trial testimony, established that the court documents had been made
available to defendant to be reviewed only in the courtroom, and that she had observed defendant
handing those documents to another individual who proceeded to place them in a bag. The clerk
further [*2]testified, without objection by defense counsel, that
defendant had stated, " 'I'll give you.' I do not remember exactly how much, 'if you let me keep
the records, the papers.' " Following the trial, defendant was found guilty of attempted petit
larceny. This appeal ensued.
Defendant's contention that the evidence adduced at trial was legally insufficient to establish
his guilt of attempted petit larceny beyond a reasonable doubt was not preserved for appellate
review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-493 [2008]; People v
Gray, 86 NY2d 10 [1995]). In any event, the evidence was legally sufficient to support the
conviction. Moreover, contrary to defendant's contention, the verdict was not against the weight
of the evidence (see CPL 470.15 [5]).
Defendant further contends that he was denied the right to the effective assistance of counsel.
It is well settled that a court should not second-guess trial strategy. However, the absence of any
legitimate explanation for the strategy may be considered in determining whether a defendant
received the ineffective assistance of counsel (see People v Baldi, 54 NY2d 137, 147
[1981]; see also Strickland v Washington, 466 US 668 [1984]). To the extent that the
existing record permits review, we find that defendant was deprived of the effective assistance of
counsel, as defense counsel failed to seek preclusion at the Huntley hearing and/or raise
an objection to the above-quoted testimony by the court clerk regarding defendant's inculpatory
statement, which had not been properly noticed pursuant to CPL 710.30. Defense counsel's
failure to object cannot be reasonably viewed as a trial tactic or as a deliberate waiver with
strategic justification. The theory asserted by defendant at trial was one of complete denial of his
participation in the attempt to remove court documents and/or a misunderstanding concerning his
actions. The introduction of defendant's statement rendered a severe blow to the viability of his
defense. Under the circumstances, defense counsel's error deprived defendant of meaningful
representation and a fair trial(see People v Benevento, 91 NY2d 708, 713 [1998]; People v Stephans, 168 AD3d 990
[2019]; People v Murray, 40 Misc
3d 47 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). Consequently, a new trial is
required.
In view of the foregoing, we pass upon no other issue.
Accordingly, the judgment of conviction is reversed and the matter is remitted to the
Criminal Court of the City of New York, New York County, for a new trial.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 7, 2020