People v Despen (2021 NY Slip Op 50880(U))

[*1]

People v Despen (Bridget)

2021 NY Slip Op 50880(U) [73 Misc 3d 127(A)]

Decided on September 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2018-2590 N CR

The People of the State of New York,
Respondent,
against
Bridget Despen, Appellant. 

Nassau County Legal Aid Society (Tammy Feman and Marquetta Christy of counsel), for
appellant.
Nassau County District Attorney (Judith R. Sternberg, Libbi L. Vilher and Benjamin Kussman of
counsel), for respondent.

Appeal from judgments of the District Court of Nassau County, First District (Elizabeth
Fox-McDonough, J.), rendered October 30, 2018. The judgments convicted defendant, upon jury
verdicts, of driving while intoxicated (common law) and failing to use a designated lane,
respectively, and imposed sentences.

ORDERED that the judgment convicting defendant of driving while intoxicated (common
law) is reversed, on the law, and the matter is remitted to the District Court for a new trial on that
charge; and it is further, 
ORDERED that the judgment convicting defendant of failing to use a designated lane is
reversed, on the facts, the simplified traffic information charging that offense is dismissed, and
the fine, if paid, is remitted.
In separate simplified informations, defendant was charged with driving while intoxicated
(per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law)
(Vehicle and Traffic Law § 1192 [3]), and failing to use a designated lane (Vehicle and
Traffic Law § 1128 [c]), respectively.
At a jury trial, the arresting trooper testified that he observed defendant's red Toyota [*2]Camry in the left lane of the eastbound Southern State Parkway.
The vehicle drifted twice from the left lane across a solid white line into the center lane and,
then, overcorrected back into the left lane. He also observed the vehicle drift from the left lane
onto the shoulder of the left side of the road and drift back into the left lane. He initiated a traffic
stop and asked defendant, the driver, for her license and registration. Defendant told him that she
had had a glass of wine at a restaurant earlier that evening. He observed that defendant had
bloodshot, watery eyes and slurred speech, and that the odor of an alcoholic beverage emanated
from her breath. After defendant had exited the vehicle, the trooper administered the horizontal
gaze nystagmus test to defendant, during which defendant exhibited six out of six possible clues
for intoxication. It was his opinion that defendant was drunk. He did not administer any
additional field sobriety tests because defendant was wearing high heels and he was afraid that
she would fall due to the terrain. He placed defendant under arrest and brought her to the police
barracks where she consented to take a breathalyzer test. Another trooper testified that he
administered a breathalyzer test to defendant, which indicated a blood alcohol content of .13%.

The jury found defendant guilty of driving while intoxicated (common law) and failing to use
a designated lane, and acquitted her of the charge of driving while intoxicated (per se). On
appeal, defendant contends, among other things, that the evidence was legally insufficient to
establish her guilt of the charges, that the verdicts were against the weight of the evidence, and
that, based on the cumulative effect of various alleged errors, defense counsel's performance
constituted the ineffective assistance of counsel. 
Upon the exercise of our factual review power (see CPL 470.15), we determine that
an acquittal on the charge of failing to use a designated lane would not have been unreasonable,
and further, that the verdict of guilt with respect to that charge was against the weight of the
evidence. Indeed, the People concede that defendant was charged with the wrong section of the
Vehicle and Traffic Law. Consequently, that charge must be dismissed.
We find that the evidence was legally sufficient to establish defendant's guilt of driving while
intoxicated (common law) beyond a reasonable doubt and that the verdict was not against the
weight of the evidence. While there is thus no basis to dismiss that charge, we find that a new
trial thereon is required. A defendant in a criminal case has a constitutional right to receive the
effective assistance of counsel (see
People v Miller, 87 AD3d 1075 [2011]; US Const, 6th Amend; NY Const, art I, §
6). "[W]hat constitutes effective assistance is not and cannot be fixed with precision, but varies
according to the particular circumstances of each case" (People v Rivera, 71 NY2d 705,
708 [1988]). To establish a claim of ineffective assistance of counsel, a defendant must
"demonstrate the absence of [any] strategic or other legitimate explanations for counsel's
failure[s]" (id. at 709). To be entitled to relief under the New York State Constitution, a
defendant must establish that his counsel did not provide him with meaningful representation
(see People v Benevento, 91 NY2d 708, 713 [1998]; People v Baldi, 54 NY2d
137, 147 [1981]; see also People v Caban, 5 NY3d 143, 152 [2005]). Here, we find,
based upon the totality of the circumstances presented, that defendant was deprived of the
effective assistance of counsel (see
generally People v Jones, 167 AD3d 443, 444 [2018]; People v Orama, 157 AD3d 967
[2018]).
Defendant's remaining contentions are unpreserved for appellate review, rendered academic
or without merit.
Accordingly, the judgment convicting defendant of driving while intoxicated (common [*3]law) is reversed and the matter is remitted to the District Court for a
new trial on that charge. The judgment convicting defendant of failing to use a designated lane is
reversed and the simplified traffic information charging that offense is dismissed.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 9, 2021