People v Powell (2020 NY Slip Op 03999)





People v Powell


2020 NY Slip Op 03999


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Oing, Singh, JJ.


11840 3477/17

[*1] The People of the State of New York, Respondent,
v
Amin Powell, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Curtis J. Farber, J.), rendered June 7, 2018, as amended June 18, 2018, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of five years, unanimously affirmed.
Defendant's claim that his attorney rendered ineffective assistance by failing to go forward with the litigation of allegedly meritorious suppression issues before defendant pleaded guilty is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera , 71 NY2d 705, 709 [1988]; People v Love , 57 NY2d 998 [1982]). These matters include plea bargaining considerations, counsel's strategic evaluation of the likelihood of obtaining suppression of evidence, and defendant's personal input into accepting the offered disposition. Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento , 91 NY2d 708, 713-714 [1998]; People v Ford , 86 NY2d 397, 404 [1995]; Strickland v Washington , 466 US 668 [1984]). The record establishes that counsel knew that the People had disclosed an error in a search warrant affidavit, and that prior counsel had obtained a hearing to challenge the warrant. However, the record fails to establish that the error in the affidavit was dispositive and would have led to suppression of the evidence recovered under the warrant, or that there was no "strategic or other legitimate explanation" for not going forward with the hearing before defendant pleaded guilty (Rivera at 709).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK