People v Richardson (2020 NY Slip Op 07681)





People v Richardson


2020 NY Slip Op 07681


Decided on December 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

Before: Manzanet-Daniels, J.P., Kern, Oing, Moulton, JJ. 


Ind No. 3323/17 Appeal No. 12662 Case No. 2018-5464 

[*1]The People of the State of New York, Respondent,
v
Cecil Richardson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathan Cantarero of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered May 17, 2018, convicting defendant, upon his plea of guilty, of two counts of robbery in the third degree, and sentencing him, as a second felony offender, to concurrent terms of two to four years, unanimously affirmed.
Defendant's claim that his attorney rendered ineffective assistance by failing to wait for the court to render its posthearing decision on defendant's suppression motion before defendant pleaded guilty is unreviewable on direct appeal because it involves matters not fully reflected in or explained by the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Powell, 185 AD3d 495, 495-96 [1st Dept 2020], lv denied 35 NY3d 1096 [2020]). These matters outside the record include plea bargaining considerations with particular reference to matters of timing, counsel's evaluation of the likelihood of success on the motion, and defendant's personal input into accepting the lenient disposition offered by the court over the People's objection.
To the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). The record fails to establish that waiting for the court to render its decision would have led to the suppression of any evidence, either by the hearing court or on appeal. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2020