People v Jones (2023 NY Slip Op 00961)

People v Jones

2023 NY Slip Op 00961

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Webber, J.P., Gesmer, Singh, Moulton, Scarpulla, JJ. 

Ind. No. 1129/18 Appeal No. 17359 Case No. 2019-05438 

[*1]The People of the State of New York, Respondent,
v
Marquan Jones, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Nathan R. Brown of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jonathan Sclar of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Raymond L. Bruce, J.), rendered October 9, 2019, convicting defendant, upon his guilty plea, of attempted unlawful surveillance in the second degree, and sentencing him to a conditional discharge for a period of one year, unanimously affirmed.
Defendant's ineffective assistance of counsel claims, to the extent they survive his valid waiver of the right to appeal, are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record including matters of strategy and plea bargaining considerations (see e.g. People v Powell, 185 AD3d 495, 495-496 [1st Dept 2020], lv denied 35 NY3d 1096 [2020]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the standards relating to guilty pleas (see id). Counsel obtained a favorable disposition, given the seriousness of the underlying facts, in which defendant abused his position as the young victim's former teacher. There is no indication that defendant would have ultimately derived any benefit if his counsel had properly litigated suppression issues or sought a discretionary exemption from sex offender registration pursuant to Correction Law § 168-a(2)(e). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023